# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __20CV775__

Darwin Gomez _____, PLAINTIFF(S),

v.

GrubHub Holdings, Inc. __, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO __GrubHub Holdings, Inc.__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original response** with the Clerk's Office for Civil Business, __Suffolk__ Court, __3 Pemberton__ (address), by mail or in person, **AND** __Superior__
        ‾Square Boston, MA 02108‾

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: __17 Storrs Avenue, Braintree, MA 02184__

3.  What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest. *Joseph P Casey*

Deputy Sheriff Suffolk County

4-21-20

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __April 1_____, 20__20__.

*Michael Joseph Donovan*

Michael Joseph Donovan

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___          Signature: _____

N.B.     TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2084CV00775 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Gomez, Darwin vs. GrubHub Holdings, Inc. | Michael Joseph Donovan, Clerk of Court |
|---|---|

| TO: | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                     **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/24/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 07/24/2020 | |
| All motions under MRCP 12, 19, and 20 | 07/24/2020 | 08/24/2020 | 09/22/2020 |
| All motions under MRCP 15 | 07/24/2020 | 08/24/2020 | 09/22/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/20/2021 | | |
| All motions under MRCP 56 | 02/19/2021 | 03/22/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/19/2021 |
| Case shall be resolved and judgment shall issue by | | | 03/28/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/30/2020 | ASSISTANT CLERK Philip Drapos | PHONE (617)788-8144 |
|---|---|---|

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY: **SUFFOLK** | DOCKET NO. _____ |
|---|---|---|

| TYPE<br>PLAINTIFF(S)<br>NAME   **Darwin Gomez** | TYPE<br>DEFENDANT(S)<br>NAME   **GrubHub Holdings, Inc.** |
|---|---|
| Type Plaintiff's Attorney name, Address, City/State/Zip<br>Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip<br>Phone Number (If Known) |
| Jennifer Miller, Esq. BBO#666842<br>Shaw and Corcoran, P.C.<br>17 Storrs Avenue<br>Braintree, MA 02184<br>(781) 848-8744 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK        IS THIS A JURY CASE?

**B22 Employment Discrimination - Fast Track**      [XX] Yes    [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses     $_____
   2. Total doctor expenses     $_____
   3. Total chiropractic expenses     $_____
   4. Total physical therapy expenses     $_____
   5. Total other expenses (describe)     $_____
                                        Subtotal   $_____
B. Documented lost wages and compensation to date     $_____
C. Documented property damages to date     $_____
D. Reasonably anticipated future medical expenses     $_____
E. Reasonably anticipated lost wages and compensation to date     $125,000.00
F. Other documented items of damages (describe)
   Emotional distress     $unknown
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Plaintiff requested accommodations and thereafter stopped receiving orders and had other issues with his employment as a delivery driver.

                                       Total $125,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                       TOTAL     $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___3/24/2020_____     Date:

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
DOCKET NO.:

| | |
|---|---|
| DARWIN GOMEZ,<br>          Plaintiffs<br><br>v.<br><br>GRUBHUB HOLDINGS, INC.<br>          Defendant | )<br>)<br>)<br>)<br>)<br>)     **COMPLAINT**<br>)<br>)<br>)<br>) |

## PARTIES AND VENUE

1. The Plaintiff, Darwin Gomez ("Plaintiff"), is an individual with a usual residence of 57 Reed Street, Agawam, Massachusetts 01001.

2. The Defendant, GrubHub Holdings, Inc. ("GrubHub"), is a foreign corporation with a principal place of business located at 111 West Washington Street, Suite 2100, Chicago, Illinois 60602.

3. The allegations below occurred in Boston, Massachusetts.   --

## ALLEGATIONS

4. The Plaintiff repeats, realleges, and incorporates by reference as fully set forth in their entirety Paragraphs 1 through 3 of this Complaint.

5. The Plaintiff began working for GrubHub in November 2016 as a delivery driver providing restaurant orders to customers who had contacted Grubhub for delivery service.

6. The Plaintiff has a diagnosis of epilepsy, a mood disorder and anxiety, for which he is on medication and treated by a physician.

7. While employed as a delivery driver for GrubHub, the Plaintiff communicated directly with GrubHub through his smartphone, wherein he would receive a request from GrubHub dispatch to pick up a restaurant order and deliver it to a customer who had contacted GrubHub for delivery.

8. The Plaintiff was able to correspond directly with GrubHub dispatch through his smartphone wherein dispatch was able to substitute order requests, add other orders, communicate directly with the Plaintiff to inquire as to whether he needed a break and look for orders in his area.

9. In March 2017, the Plaintiff informed his manager at GrubHub that the distance between orders was a problem in light of his medical issues; however, nothing was done.

10. In June 2017, the Plaintiff requested an accommodation from GrubHub, which was that he not drive more than three miles to pick up each order. He provided medical documentation and this accommodation was granted.

11. From November 2016 to June 2017, the Plaintiff customarily worked fifty plus hours per week and added shifts when requested by his manager. He was also provided extra orders by dispatch and was given orders with large tips several times.

12. During this time, the Plaintiff averaged a gross weekly income of $888.96.

13. After the Plaintiff was granted this accommodation, he was not provided the same support from dispatch or his manager, he received far fewer orders and his account was indicated as inactive.

14. In August 2017, the Plaintiff submitted medical documentation regarding his disabilities and requested additional accommodations, including taking a break every two hours, excused absences and limiting orders to three miles.

15. In September 2017, the Plaintiff began the accommodations on a thirty day trial period and agreed to increase his hours after thirty days.

16. In November 2017, the Plaintiff began having more issues with dispatch, including getting locked out of orders after taking a break, being marked inactive for declining an order outside of his accommodation perimeter, having trouble finding his schedule and not getting orders.

17. After not being able to remedy this this situation for 17 days, the Plaintiff and Human Resources arranged for a code word to decline orders outside of three miles.

18. The code work did not remedy the issues and in January 2018 the Plaintiff requested another accommodation, which was to switch to pre-ordered deliveries (catering) due to his difficulty tolerating stressful situations and adapting to a change in schedule, which was impacting his disabilities.

19. The Plaintiff believed that the pre-ordered deliveries provided a schedule and structure, which would minimize his anxiety, decreasing the possibility of stress leading to a seizure and thus removing the need for the earlier accommodations.

20. Pre-ordered delivery dispatchers have complete discretion in assigning orders to drivers and can pick which drivers receive which orders.

21. Even after switching to pre-ordered deliveries, the Plaintiff had similar issues, such as no orders and lack of a schedule.

22. The Plaintiff left GrubHub completely in May 2018 due to the lack of orders he was receiving after his accommodations were granted and the resulting stress that it caused.

23. On September 4, 2018, the Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination ("MCAD"), which was found to lack probable cause.

## COUNT I – RETALIATION

24. The Plaintiff repeats, realleges, and incorporates by reference as fully set forth in their entirety Paragraphs 1 through 23 of this Complaint.

25. The Plaintiff has a diagnosis of epilepsy, a mood disorder and anxiety, for which he is on medication and treated by a physician.

26. The Plaintiff requested three separate accommodations from GrubHub during 2017 and 2018: (1) driving no more than three miles to pick up an order; (2) taking a break every two hours, excused absences and limiting orders to three miles; and (3) switching to pre-ordered (catering) deliveries.

27. From the first accommodation, the Plaintiff suffered adverse action, including getting locked out of orders after taking a break, being marked inactive for declining an order, having trouble finding his schedule and not getting orders.

28. The Plaintiff was forced to leave his employment at GrubHub as he was suffering an immense amount of stress and not receiving any income.

29. The Plaintiff was a loyal employer and worked fifty plus hour weeks until his request for accommodations decreased his work significantly.

30. As a result of the adverse actions described above, the Plaintiff suffered from emotional distress and financial damages.

## COUNT II – HANDICAP DISCRIMINATION (DISPARATE TREATMENT)

31. The Plaintiff repeats, realleges, and incorporates by reference as fully set forth in their entirety Paragraphs 1 through 30 of this Complaint.

32. The Plaintiff has a diagnosis of epilepsy, a mood disorder and anxiety, for which he is on medication and treated by a physician.

33. The Plaintiff is capable of driving and carrying orders, which are the essential functions of working for GrubHub as a delivery driver.

34. The Plaintiff requested three separate accommodations from GrubHub during 2017 and 2018: (1) driving no more than three miles to pick up an order; (2) taking a break every two hours, excused absences and limiting orders to three miles; and (3) switching to pre-ordered deliveries.

35. From the first accommodation, the Plaintiff was treated differently, including getting locked out of orders after taking a break, being marked inactive for declining an order, having trouble finding his schedule and not getting orders.

36. The Plaintiff was forced to leave his employment at GrubHub as he was suffering an immense amount of stress and not receiving any income.

37. The Plaintiff was a loyal employer and worked fifty plus hour weeks until his request for accommodation decreased his work significantly.

38. As a result of the adverse actions, the Plaintiff suffered from emotional distress and financial damages.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS TRIABLE BY A JURY.**

Respectfully submitted
Darwin Gomez
By her attorney


Jennifer Miller, Esq.
Shaw and Corcoran, P.C.
17 Storrs Avenue
Braintree, MA 02184
jmiller@shawandcorcoran.com
(781) 848-8744
BBO #666842

Dated: 3\24\2020